UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GERALYN M KEENAN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

NO. CV-12-602-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 14, and Defendant's Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by Lora Lee Stover. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Catherine Escobar.

**I.  Jurisdiction**

On October 21, 2009, Plaintiff filed a Title II application for Disability insurance benefits (DIB) and a Title XVI application for supplemental security income (SSI). Plaintiff alleged she had been disabled beginning March 7, 2009.

Her application was denied initially on August 21, 2007,[1] and again denied on reconsideration on May 4, 2010. A timely request for a hearing was made. On March 10, 2011, Plaintiff appeared at a hearing in Spokane, Washington before

---

[1] At the hearing, the ALJ indicated that she would consider reopening Plaintiff's prior applications.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Administrative Law Judge (ALJ) Marie Palalchuk. Dr. R. Thomas Knight, medical expert and K. Diane Kramer, vocational expert, also participated. Plaintiff was represented by attorney Lora Lee Stover.

The ALJ issued a decision on April 22, 2011, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied her request for review on October 26, 2012. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on November 26, 2012. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 404.1520(e). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(f).

If the claimant is found disabled, and there is medical evidence of a substance use disorder, the ALJ must determine if the substance use disorder is a contributing factor material to the determination of disability. 20 C.F.R. § 416.935(a). In making this determination, the ALJ evaluates the extent to which the claimant's mental and physical limitations would remain if the claimant stopped the substance abuse. § 416.935(b). If the remaining limitations would not

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

be disabling, the substance use disorder is a contributing factor material to the determination of disability, and the claimant is not disabled. § 416.935(b)(I). If the remaining limitations are disabling, the claimant is disabled independent of his or her drug addiction or alcoholism and the alcoholism or addiction is not a contributing factor material to the determination of disability. § 416.935(b)(ii).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III.  Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 50 years old. She has a college degree, and she had worked for over twenty-five years as a nurse practitioner and nurse consultant. As a result of a car accident, Plaintiff developed an opioid dependence, which is in remission. She then developed an alcohol dependence during divorce proceedings. In 2007 or 2008, she lost her license as an ARNP because she was caught stealing Benzodiaepine. Plaintiff suffers from depression and received ECT, which was beneficial to treating her depression. She had two suicide attempts, one in 2007 and one in 2008.

Plaintiff has three children. After the divorce, the children lived with their father, but she had consistent contact with them. Plaintiff does not have a drivers license because it was suspended due to DUI charges.

At the time of the hearing, Plaintiff indicated that she volunteers at a homeless shelter, roughly four hours a week.

### V. The ALJ's findings

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 7, 2009, the application date. (Tr. 28.)

At step two, the ALJ found Plaintiff has the following severe impairments, even if Plaintiff stopped substance abuse: Mood disorder (NOS) and poly-substance dependence. (Tr. 28, 30.)

At step three, the ALJ found Plaintiff's impairments or combination of impairments meet or medically equal section 12.04 and 12.09 of CFR Part 404, Subpart P, Appendix 1. (Tr. 29.) In conducting the DAA analysis, the ALJ found

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

that if Plaintiff stopped the substance use, she would not have any impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 30.)

The ALJ found that if Plaintiff stopped the substance use, she would have the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: She is capable of understanding, remembering, and carrying out both simple and complex tasks with superficial contact with the public and co-workers. She may experience episodic lapses in attention and concentration but would maintain sufficient concentration, persistence and pace to sustain a productive pace. (Tr. 31.)

At step four, the ALJ concluded that if Plaintiff stopped the substance abuse, she would be unable to perform past relevant work as a nurse practitioner and nurse consultant (Tr. 36.)

At step five, the ALJ found that if Plaintiff stopped the substance use, considering her age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that she could perform. Specifically, the ALJ found she could perform the requirements of representative occupations such as a lab sample carrier, mail clerk, and cleaner I.

Also, the ALJ concluded that Plaintiff's substance use disorder is a contributing factor material to the determination of disability, and therefore, Plaintiff has not been disabled within the meaning of the Social Security Act at any time from March 7, 2009 through April 20, 2011.

**VI. Issues for Review**

Plaintiff presents the following issues for review:

1. The ALJ erred in disregarding the opinions of Plaintiff's providers and consultative examiners regarding Plaintiff's medical condition.

2. The ALJ erred in assessing Plaintiff's residual functional capacities.

3. The ALJ failed to pose a proper hypothetical to the vocational expert.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

4. The ALJ erred in assessing Plaintiff's credibility.

5. The evidence taken from the record as a whole does not support Defendant's decision that Plaintiff is not disabled.

**VII. Discussion**

    **1.    Weight of Opinions Expressed After 2010**

Plaintiff argues the ALJ gave improper weight to medical opinions expressed by the consultative psychological and psychiatric opinions issued after 2010 when Plaintiff became free of the effects of substances. Specifically, Plaintiff asserts the ALJ and the Appeals Council did not properly consider the opinions of William Greene, Ph.D, psychiatrist Tanya Keeble, M.D., and Mahlon Dalley, Ph.D.

Here, the ALJ did not consider Dr. Greene's 2011 opinion, or the 2011 opinions of Dr. Keeble and Dr. Dalley. However, the Appeals Council did consider this new evidence. Thus, this Court must consider it when reviewing the ALJ's final decision for substantial evidence. *See Brewes v. Comm'n of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). A remand is necessary where the material evidence gives rise to a "reasonable possibility" that the new evidence might change the outcome of the administrative hearing. *Booz v. Sec'y of Health & Hum. Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

    **a.    Dr. Greene's opinion**

In 2010, Dr. Greene opined that Plaintiff had moderate limitations in several areas of her mental functioning included her ability to: (1) relate appropriately to co-workers and the public; (2) respond appropriately to pressures in a work-setting; (3) perform self-care, including personal hygiene; and (4) maintain appropriate behavior in a work-setting. (Tr. 895.) He also assessed mild limitations related to Plaintiff's ability to perform routine tasks. (Tr. 895.) The ALJ gave Dr. Greene's opinion "limited weight" because he did not provide specific information regarding how Plaintiff's substance abuse affected her functional limitations, and

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

because accepted Plaintiff's subjective statements despite evidence that she may not be credible. (Tr. 34-35.)

Dr. Greene also gave another opinion in 2011. He determined that Plaintiff would have moderate interference in the ability to perform routine tasks without undue supervision, ability to be aware of normal hazards and take appropriate precautions, and ability to communicate and perform effectively in a work setting with public contact, because she is an ARNP who has abused alcohol/drugs and medication. (Tr. 1121.) Ultimately, however, Dr. Greene concluded that Plaintiff would be able to return to the work force if she remains clean and sober. (Tr. 1123.)

The ALJ did not err in giving limited weight to Dr. Greene's 2010 opinion. Dr. Greene specifically acknowledged that Plaintiff gave contradictory and inaccurate information regarding her substance abuse, yet he assigned her limitations based on her reported symptoms, not based on anything he observed or evaluated. Also, Dr. Greene's 2011 opinion is consistent with the ALJ's conclusion that if Plaintiff stopped the substance use, she would be able to work. Consequently, there is no "reasonable possibility" that the new evidence might change the outcome of the administrative hearing, and a remand is not necessary.

### b. Dr. Keeble's opinion

Dr. Keeble conducted a psychiatry initial evaluation on July 21, 2011. Plaintiff submitted this evaluation for the first time to the Appeals Council. Dr. Keeble diagnosed Plaintiff with a major depressive disorder, recurrent in nature with the current episode being severe without psychosis and an anxiety disorder, and adjusted her medication accordingly. (Tr. 1132.)

Dr. Keeble's evaluation does not demonstrate that Plaintiff has greater limitations than those reflected in her residual functional capacity determination. As such, there is no need to remand for a new hearing.

### c. Dr. Dalley's Opinion

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

On September 21, 2011, Dr. Mahlon Dalley completed a Psychological/Psychiatric Evaluation. (Tr. 1190-1097.) He identified moderate limitations in the ability to learn new tasks and to communicate in a setting with "limited" public contact; marked limitations in the ability to perform routine tasks without undue supervision and communicate in a work setting involving the public contact; and severe limitations in the ability to maintain appropriate behavior in a work setting. (Tr. 1092-94.) Dr. Dalley concluded that due to the chronic and severe nature of Plaintiff's depression, it was not likely that her condition would improve within the next 12 months. (Tr. 1096.)

Dr. Dalley indicated that Plaintiff reported to him that she last drank in June 2008, and she denied any abuse of illicit substances. Plaintiff also indicated that she was not working because of her interfering depressive symptoms. The record, however, demonstrates that these are not accurate statements. Consequently, Dr. Dalley's evaluation is not helpful in determining whether Plaintiff could work if she stopped the substance abuse, and, therefore, would not be a basis for a remand.

### 2. Plaintiff's Credibility

Plaintiff asserts the ALJ erred in finding her less than credible. The ALJ found that although there is evidence of the existence of Plaintiff's impairments, the medical evidence does not support the level of limitations asserted by Plaintiff arising from these impairments. She found her subjective complaints are not credible due to the inconsistencies in the record.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

In addition, the ALJ may consider "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning symptoms, and other testimony by the claimant that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Here, the record is replete with inconsistent statements given by Plaintiff to her treatment providers regarding her substance and alcohol abuse, as well as the reasons why she lost her nursing license. Indeed, Dr. Greene recognized the inconsistencies. (Tr. 894.) ("Client continues to give contradictory information regarding her substance abuse/dependence and is unlikely to be forthright during a chemical dependency assessment.") Also, the record demonstrates that Plaintiff's depression can be treated. *See Tommasetti,* 533 F.3d at 1040. The ALJ relied on the inconsistencies and Plaintiff's response to treatment as a basis to discount her credibility. This was not in error.

**3.    Plaintiff's Residual Functional Capacity**

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

Case 2:12-cv-00602-RHW    Document 20    Filed 05/15/14

Plaintiff argues the ALJ should have included the following limitations in her Residual Functional Capacity: (1) moderately limited ability to perform tasks without supervision; (2) moderately limited ability to be aware of hazards and take precautions; and (3) moderately limited ability to maintain appropriate behavior in a work setting. These additional limitation are set forth in Dr. Greene's, Dr. Keeble's, and Dr. Dalley's opinions, which, as addressed above, are not helpful in determining whether Plaintiff is disabled and unable to work. Moreover, these opinions were based on Plaintiff's self-reporting, which the ALJ properly found was not credible.

The ALJ's determination of Plaintiff's Residual Functional Capacity was not in error and is supported by substantial evidence in the record. As such, the hypothetical posed to the vocational expert was also supported by substantial evidence in the record.

## VIII. Conclusion

Plaintiff has not met her burden of showing the ALJ committed legal error, or that her conclusion that Plaintiff was not disabled from August 21, 2007, to April 21, 2011, is not supported by substantial evidence. On the contrary, the medical record demonstrates that Plaintiff's condition improves with treatment and cessation of substance abuse. As such, Plaintiff has the ability to work, and is not disabled.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

3. The decision of the ALJ denying benefits is **affirmed**.

///
///
///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 15th day of May, 2014.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\Social Security Cases\2012 Social Security Cases\Keenan (SS)\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12